**DAVID YEREMIAN & ASSOCIATES, INC.**
David Yeremian (Cal. Bar No. 226337)
535 N. Brand Blvd., Suite 705
Glendale, California 91203
Telephone: (818) 230-8380
Facsimile: (818) 230-0308
Email: david@yeremianlaw.com

**SOMMERS SCHWARTZ, P.C.**
Kevin J. Stoops (*pro hac vice* forthcoming)
Rod M. Johnston (*pro hac vice* forthcoming)
One Towne Square, Suite 1700
Southfield, Michigan 48076
Telephone: (248) 355-0300
Facsimile: (248) 436-8453
Email: kstoops@sommerspc.com
Email: rjohnston@sommerspc.com

*Attorneys for Plaintiff and Proposed Class and
Collective Members*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| **KIMBERLY BAUTISTA**, individually and on behalf of all other similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>**SOUTH COUNTY ORTHOPEDIC SPECIALISTS**, a Medical corporation<br><br>Defendant. | Case No.:<br><br>**FLSA COLLECTIVE ACTION/CLASS ACTION COMPLAINT AND JURY DEMAND** |

PLAINTIFF, KIMBERLY BAUTISTA ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys, hereby brings this Collective and Class Action Complaint against DEFENDANT, SOUTH COUNTY ORTHOPEDIC SPECIALISTS ("Defendant"), and states as follows:

## **INTRODUCTION**

1. This is a collective and class action brought by Plaintiff, individually and on behalf of all similarly situated persons employed by Defendant, arising, *inter alia*, from Defendant's willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the California Labor Code ("Labor Code"), the California Industrial Welfare Commission ("IWC") Wage Order No. 4, and the California Business & Professions Code section 17200, *et seq.*

2. Defendant is a healthcare provider offering full-service comprehensive orthopedic care to its patients through a network of orthopedic care and physical therapy centers located throughout Southern California.

3. In connection with its orthopedic care and physical therapy services, Defendant employs certain non-exempt hourly Licensed Physical Therapists (referred to herein as "LPTs") to provide patients with physical therapy treatments and to create home exercise programs for each patient to continue progressing independently after treatment sessions are completed.

4. Plaintiff and the putative FLSA collective and Rule 23 class members she seeks to represent regularly worked beyond 40 hours in a workweek and eight hours in a workday but were not paid premium wages for overtime hours worked.

5. The FLSA and the Labor Code require employers—including Defendant—to compensate employees—including Plaintiff—for work performed beyond 40 hours in each given workweek at a rate one and one-half times the employees' normal hourly rates.

6. The Labor Code further requires employers—including Defendant—to compensate employees—including Plaintiff—for work performed beyond eight

hours in each given workday at a rate one and one-half times the employees' normal hourly rates.

7.    Defendant was aware of its obligation to pay premium overtime wages to Plaintiff for work performed beyond 40 hours in a workweek and eight hours in a workday. Nevertheless, Defendant failed and refused to pay overtime premiums to Plaintiff for all overtime hours worked. Defendant's conduct in that regard amounts to a willful violation of the overtime provisions of the FLSA and Labor Code.

8.    Defendant's above-mentioned overtime violations stem from its common policy and practice of paying its LPTs their regular hourly rates of pay for all hours worked, including overtime.

9.    In this regard, Defendant maintains a common policy and practice of misclassifying its LPTs as exempt from overtime under the FLSA and Labor Code, while egregiously informing LPTs that they are "professional hourly" and thus not entitled to overtime pay under applicable law.

10.    In July 2008, the U.S. Department of Labor ("DOL") issued Fact Sheet #17A (attached hereto as **Exhibit A**), which "provides general information on the exemption from minimum wage and overtime pay provided by Section 13(a)(1) of the Fair Labor Standards Act." According to the DOL's Fact Sheet #17A,

> The FLSA requires that most employees in the United States be paid at least the federal minimum wage for all hours worked and overtime pay at time and one-half the regular rate of pay for all hours worked over 40 hours in a workweek.

> However, Section 13(a)(1) of the FLSA provides an exemption from both minimum wage and overtime pay for employees employed as bona fide executive, administrative, professional and outside sales employees. Section 13(a)(1) and Section 13(a)(17) also exempt certain computer employees. To qualify for exemption, employees generally must meet certain tests regarding their job duties **and be paid on a salary basis** at not less than $455 per week. Job titles do not determine exempt status. In order for an exemption to apply, an

3

employee's specific job duties **and salary** must meet all the requirements of the Department's regulations.

(emphasis added) (footnote omitted).

11.    Defendant's LPTs are compensated on an hourly—not salary—basis; thus, they are not exempt from overtime under the FLSA.

12.    Nor are they exempt under the Labor Code.

13.    Labor Code Section 515 provides that "[t]he Industrial Welfare Commission may establish exemptions from the requirement that an overtime rate of compensation be paid pursuant to Sections 510 and 511 for executive, administrative, and professional employees, if the employee is primarily engaged in the duties that meet the test of the exemption, customarily and regularly exercises discretion and independent judgment in performing those duties, **and earns a monthly salary** equivalent to no less than two times the state minimum wage for full-time employment." (emphasis added).

14.    Labor Code Section 515.6 provides that the Labor Code's overtime provisions "shall not apply to any employee who is a licensed physician or surgeon, who is primarily engaged in duties that require licensure pursuant to Chapter 5 (commencing with Section 2000) of Division 2 of the Business and Professions Code, and whose hourly rate of pay is **equal to or greater than fifty-five dollars ($55.00)**." (emphasis added).

15.    In the unlikely event that Defendant's LPTs qualify as "licensed physician[s]" as contemplated by Labor Code Section 515.6, they are *still* not exempt from overtime wages because they are compensated at an hourly rate of pay <u>less than</u> $55 per hour.

16.    Since Defendant's LPTs routinely worked beyond eight hours per day and 40 hours per week, Defendant's uniform misclassification scheme deprived them of overtime pay.

17.    The individuals Plaintiff seeks to represent in this action are current

and former LPTs who are similarly situated to each other in terms of their positions, job duties, pay structure, and Defendant's violations of federal and state law, including Defendant's decision to misclassify them as exempt employees.

18.    Defendant knew or could have easily determined that its LPTs did not meet any of the statutory exemptions from overtime, and Defendant could have properly compensated Plaintiff and the putative Collective and Class for their overtime work, but did not.

19.    Plaintiff seeks a declaration that her rights, and the rights of the putative Collective and Class were violated, an award of unpaid wages, an award of liquidated damages, injunctive and declaratory relief, attendant penalties, and an award of attorneys' fees and costs to make them whole for damages they suffered, and to ensure that they and future workers will not be subjected by Defendant to such illegal conduct in the future.

## JURISDICTION AND VENUE

20.    This Court has subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 because her claim raises a federal question under 29 U.S.C. § 201, *et seq.*

21.    Additionally, this Court has jurisdiction over Plaintiff's collective action FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction."

22.    Defendant's annual sales exceed $500,000, and it has more than two employees; thus, the FLSA applies in this case on an enterprise basis. Defendant's employees engage in interstate commerce; therefore, they are also covered by the FLSA on an individual basis.

23.    Plaintiff's state law claims originate from the same facts that form the basis of her federal claims. Thus, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

24.    The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

25.    This Court has personal jurisdiction over Defendant because Defendant conducts business in California, employ individuals in California, is registered with the California Secretary of State, has caused injuries in California, and generally engages in substantial activities in California.

26.    This Court is also a proper venue for this action because Defendant employed Plaintiff in this District, and a substantial portion of the events forming the basis of this suit (including implementation of the illegal pay practices alleged in this litigation) occurred in this District.

## INTRADISTRICT ASSIGNMENT

27.    A substantial part of the events or omissions giving rise to the claims alleged herein occurred in Orange County, California; therefore, this action is properly assigned to the Southern Division.

## PARTIES

28.    PLAINTIFF, KIMBERLY BAUTISTA, is a resident of Waikoloa, Hawaii and was employed by Defendant as a Licensed Physical Therapist at Defendant's orthopedic care and rehabilitation center in Laguna Woods, California from approximately August 2007 until March 2016. Throughout her employment with Defendant, Plaintiff typically worked five days per week, eight or more hours per day, and 40 or more hours per week. Defendant compensated Plaintiff through the payment of an hourly wage, most recently at the rate of $37.25 per hour. Plaintiff signed a consent form to join this collective action lawsuit, which is attached to this Complaint as **Exhibit B**.

29.    DEFENDANT, SOUTH COUNTY ORTHOPEDIC SPECIALISTS, is a California Medical Corporation with a Principal Office at 24331 El Toro Road, Suite 200, Laguna Woods, California 92637. Defendant is licensed to do business in the State of California (California Corporate Number C1874896), and its

registered agent for service of process in California is Charles W. Anderson, 2730 Bayside Drive, Corona Del Mar, California 92625. According to its website, Defendant offers "full-service comprehensive orthopedic care for all of your bone and joint needs." *https://www.scosortho.com/* (last visited on December 19, 2018). Defendant's "team of experts are all fellow-trained orthopedic sub-specialists who are here to provide comprehensive care." *Id.*

30.    Defendant's website further explains that,

> Our Physical Therapy Center at South County Orthopedic Specialists strives to provide patients with comprehensive care to facilitate their rehabilitation. Each individual program at SCOS is designed to provide patients with a rehabilitation protocol that is executed by licensed therapists and directed by our surgeon specialists. Our therapists are in daily direct communication with the prescribing physician, which ensures a smooth progression toward each patient's complete recovery. Our goal is to rehabilitate each and every patient to their fullest potential and 'get you back in the game.'

*https://www.scosortho.com/south-county-orthopedic-specialists/physical-therapy-south-county-orthopedic-specialists/* (last visited on December 19, 2018).

31.    Defendant operates at least three orthopedic care and physical therapy centers in Southern California, located at the following addresses:

a.    24331 El Toro Road, Suite 200, Laguna Woods, California 92637;

b.    22 Odyssey, Suite 205, Irvine, California, 92618; and

c.    18785 Brookhurst Street, Fountain Valley, California 92708.

*https://www.scosortho.com/south-county-orthopedic-specialists/* (last visited on December 19, 2018).

32.    Upon information and belief, Defendant has employed dozens of LPTs throughout Southern California in the last four years.

///

///

///

## GENERAL ALLEGATIONS

### A. Defendant Misclassified its Licensed Physical Therapists as Exempt from Overtime

33.     In order to carry out its orthopedic care and physical therapy services, Defendant employs the LPTs to provide patients with physical therapy treatments and to create home exercise programs for each patient to continue progressing independently after treatment sessions are completed. *See https://www.scosortho.com/south-county-orthopedic-specialists/physical-therapy-south-county-orthopedic-specialists/* (last visited on December 19, 2018).

34.     These LPTs are compensated through the payment of an hourly wage, but are misclassified by Defendant as exempt from overtime under the FLSA and Labor Code.

35.     In California, the general overtime provisions are that a nonexempt employee shall not be employed more than eight hours in any workday or more than 40 hours in any workweek unless he or she receives one and one-half times his or her regular rate of pay for all hours worked over eight hours in any workday and over 40 hours in the workweek. Labor Code § 510.

36.     Likewise, the FLSA requires employers to provide premium overtime compensation to employees for all hours worked beyond 40 in a single workweek. 29 U.S.C. § 207(a)(1).

37.     Defendant requires its LPTs to work a full-time schedule, plus overtime.

38.     Nevertheless, Defendant fails and/or refuses to pay premium overtime compensation to the LPTs for all hours worked beyond 40 hours in a workweek and eight hours in a workday, but instead pays them their regular hourly rates for each hour worked, including overtime. This is undisputed. *See* **Exhibit C**, 2015-2016 South County Orthopedic Payroll Register ("Payroll Register"), summarizing Plaintiff's hours worked and regular and overtime wages paid from 2015-2016.

39.     The Payroll Register demonstrates the following:

a.      In 2015, Plaintiff worked 1,903.90 regular hours and was paid $70,922.90 for those hours, meaning that Defendant paid Plaintiff $70,922.90 / 1,903.90 = $37.25 per hour for her non-overtime hours. *See* Payroll Register at 5.

b.      In 2015, Plaintiff worked 51.10 overtime hours and was paid $1,903.51 for those hours, meaning that Defendant paid Plaintiff $1,903.51 / 51.10 = $37.25 per hour for her overtime hours. *Id*.

c.      In 2016, Plaintiff worked 513.10 regular hours and was paid $19,112.90 for those hours, meaning that Defendant paid Plaintiff $19,112.90 / 513.10 = $37.25 per hour for her non-overtime hours. *Id*. at 7.

d.      In 2016, Plaintiff worked 41.30 overtime hours and was paid $1,538.43 for those hours, meaning that Defendant paid Plaintiff $1,538.43 / 41.30 = $37.25 for her overtime hours. *Id*.

40.     In sum, Plaintiff worked 92.40 overtime hours in 2015-2016 but was paid her regular hourly rate ($37.25) for each overtime hour worked, *id*., meaning that Plaintiff is owed unpaid overtime wages in an amount not less than 92.40 * ($37.25 * 0.5) = $1,720.95.

41.     Since the LPTs are compensated pursuant to an hourly wage, they do not qualify for any statutory exemptions from overtime pay. *See* Fact Sheet #17A at **Exhibit A**; *see also* Labor Code §§ 515 and 515.6; Department of Industrial Relations Overtime Exemptions, *available at* *https://www.dir.ca.gov/dlse/FAQ_OvertimeExemptions.htm* (last visited on December 19, 2018). In fact, *none* of the relevant statutory overtime exemptions even *remotely* applies to the LPTs. Even worse, Defendant egregiously misclassifies the LPTs pursuant to a fictitious, nonexistent exemption, to wit, "professional hourly."

42.     Because of Defendant's uniform misclassification scheme identified above, LPTs are denied overtime pay for all hours worked in excess of 40 hours in a workweek and eight hours in a workday.

43.     Consequently, LPTs are owed premium overtime wages at the federal and state mandated overtime rate of one and one-half their regular hourly rates of pay for each overtime hour they worked during the relevant statutory periods.

**B.    Defendant Benefitted From the Unpaid Overtime Work**

44.     At all relevant times, Defendant directed and directly benefited from the work performed by Plaintiff and similarly situated employees in connection with the above described overtime activities performed by the LPTs.

45.     At all relevant times, Defendant controlled the work schedules, duties, protocols, applications, assignments and employment conditions of the LPTs.

46.     At all relevant times, Defendant was able to track the amount of time the LPTs worked each day and each week. However, Defendant failed to do so and/or failed to pay overtime premiums to the LPTs for the overtime work they performed.

47.     At all relevant times, the LPTs were non-exempt employees, subject to the requirements of the FLSA and the Labor Code.

48.     At all relevant times, Defendant used its attendance and adherence policies against the LPTs in order to pressure them to work overtime, without paying the required overtime premiums to them.

49.     Defendant expressly trained, instructed, and/or permitted the LPTs to perform the above-described overtime work.

50.     At all relevant times, Defendant's policies and practices deprived the LPTs of wages owed—specifically, overtime premiums—for the overtime work they performed.

51.     Defendant knew or should have known that the time spent by the LPTs in connection with their overtime work is compensable under the law at a rate of one and one-half times their regular hourly rates. Indeed, in light of Defendant's express representation to Plaintiff and the LPTs that they are exempt from overtime wages pursuant to a fictitious, nonexistent exemption (i.e.,

"professional hourly"), there is no conceivable way for Defendant to establish that it acted in good faith.

52. Despite knowing that the LPTs performed overtime work, Defendant failed to make any effort to stop or disallow the overtime work and instead suffered and permitted it to happen.

53. Unpaid wages—specifically, overtime premiums—related to the overtime work described herein is owed to the LPTs at the mandated overtime premium of one and one-half their regular hourly rates because the LPTs regularly worked in excess of eight hours in a workday and 40 hours in a workweek.

**C.** **Rest Period Violations**

54. IWC Wage Order No. 4, subd. 12 (A-B) establishes the following requirements for rest periods:

> Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages. … If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

55. Likewise, Labor Code § 226.7(b-c) provides that:

> An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission…. If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission …, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

56. At all times material hereto, Defendant violated IWC Wage Order No.

4 and Labor Code Section 226.7 by consistently failing to provide the LPTs with ten-minute rest breaks for every four hours or major fraction thereof worked.

57.    More specifically, Defendant routinely schedules a seemingly endless series of back-to-back patient appointments and requires the LPTs to perform copious amounts of scheduling, patient charting, chart reviewing, and other work-related tasks, such as creating home exercise programs for each patient, making it nearly impossible for the LPTs to take uninterrupted, work-free, ten-minute rest breaks.

58.    The only time that the LPTs are able to take their rest breaks is on the rare occasion that a patient cancels an appointment. Even then, however, the LPTs routinely use the available time to catch up on scheduling, patient charting, chart reviewing, or other work-related tasks that pile up while they are attending to Defendant's patients.

59.    Any argument that the LPTs should use patient cancellations as an opportunity to take a rest break must be considered in the context of Defendant's overtime violations. Catching up on work-related tasks, rather than taking a rest break, is critical because if the LPTs wait until after their shifts to catch up on work-related tasks, they are paid for this post-shift work at their regular—not overtime—rates of pay.

60.    As a result of Defendant's uniform policy of overscheduling patient appointments and/or overworking/understaffing its orthopedic care and rehabilitation centers, the LPTs are regularly denied the opportunity to enjoy uninterrupted, work-free, ten-minute rest breaks; nor are they paid one hour's wages in lieu thereof.

61.    Consequently, Defendant's LPTs are entitled to recover one additional hour of pay at their regular rate of compensation for each workday that the rest period was not provided.

///

## FLSA COLLECTIVE ACTION ALLEGATIONS

62.    Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on her own behalf and on behalf of:

***All current and former Licensed Professional Therapists who worked for Defendant at any time during the three years preceding the filing of this Complaint up through and including the judgment***.

(hereinafter referred to as the "FLSA Collective"). Plaintiff reserves the right to amend this definition if necessary.

63.    Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and other similarly situated employees.

64.    Excluded from the proposed FLSA Collective are Defendant's executive, administrative and professional employees, including computer professionals and outside sales persons.

65.    Consistent with Defendant's policy and pattern or practice, Plaintiff and the members of the FLSA Collective were not paid premium overtime compensation for all hours they worked beyond 40 hours in a workweek.

66.    Defendant assigned and/or was aware of all of the work that Plaintiff and the FLSA Collective members performed.

67.    As part of its regular business practice, Defendant intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective members. This policy and pattern or practice includes, but is not limited to:

    a.    willfully failing to pay its LPTs, including Plaintiff and the FLSA Collective, premium overtime wages for all hours worked in excess of 40 hours per workweek; and

    b.    willfully misclassifying its LPTs, including Plaintiff and the FLSA Collective, as exempt from the overtime provisions of the FLSA.

68.    Defendant was aware or should have been aware that federal law required it to pay Plaintiff and the FLSA Collective overtime premiums for all

hours worked in excess of 40 per workweek.

69. Defendant's unlawful conduct was widespread, repeated, and consistent.

70. A collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The employees on behalf of whom Plaintiff brings this collective action are similarly situated because (a) they have been or are employed in the same or similar positions; (b) they were or are performing the same or similar job duties; (c) they were or are subject to the same or similar unlawful practices, policy, or plan; and (d) their claims are based upon the same factual and legal theories.

71. The employment relationships between Defendant and every proposed FLSA Collective member are the same and differ only by name, location, and rate of pay. The key issues—the amount of premium overtime wages owed to each employee—do not vary substantially among the proposed FLSA Collective members.

72. There are many similarly situated current and former hourly employees who were underpaid in violation of the FLSA who would benefit from the issuance of a court-authorized notice of this lawsuit and the opportunity to join it.

73. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

74. Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

75. Plaintiff estimates the proposed FLSA Collective, including both current and former employees over the relevant period, will include dozens of workers. The precise number of FLSA Collective members should be readily available from a review of Defendant's personnel and payroll records.

///

## <u>RULE 23 CLASS ACTION ALLEGATIONS</u>

76.    Plaintiff brings this action as a class action pursuant to Fed. R. Civ. P. 23 for the following Class of persons:

***All current and former Licensed Professional Therapists who worked for Defendant in California at any time during the four years preceding the filing of this Complaint up through and including the judgment.***

Excluded from the Class are all legal entities, Defendant and any person, firm, trust, corporation, or other entity related to or affiliated with Defendant, as well as any judge, justice or judicial officer presiding over this matter and members of their immediate families and judicial staff.

Plaintiff reserves the right to amend the foregoing Class definition.

77.    While the exact number of Class members is unknown to Plaintiff at this time, and will be ascertained through appropriate discovery, Plaintiff is informed and believes that there are dozens of similarly situated Class members in California. The number of individuals who comprise the Class is so numerous that joinder of all such persons is impracticable and the disposition of their claims in a class action, rather than in individual actions, will benefit both the parties and the courts.

78.    Plaintiff's claims are typical of the claims of the other members of the Class. All members of the Class have been and/or continue to be similarly affected by Defendant's wrongful conduct as complained of herein, in violation of California law. Plaintiff is unaware of any interests that conflict with or are antagonistic to the interests of the Class.

79.    Plaintiff will fairly and adequately protect the Class members' interests and has retained counsel competent and experienced in class action lawsuits and complex litigation. Plaintiff and her counsel have the necessary financial resources to adequately and vigorously litigate this class action, and Plaintiff is aware of her duties and responsibilities to the Class.

80.     Plaintiff shares the same interests as the other Class members and will be entitled under the Labor Code to unpaid overtime compensation, attorneys' fees, costs and lost interest owed to her under nearly identical factual and legal standards as the remainder of the putative class.

81.     Defendant has acted with respect to the Class in a manner generally applicable to each Class member. Common questions of law and fact exist as to all Class members and predominate over any questions wholly affecting individual Class members. There is a well-defined community of interest in the questions of law and fact involved in the action, which affect all Class members. Among the questions of law and fact common to the Class are:

a.     Whether Defendant engaged in a policy or practice of failing to pay each Class member overtime compensation for all overtime hours worked;

b.     Whether Defendant engaged in a policy or practice of willfully misclassifying Class members as exempt from the Labor Code's overtime provisions;

c.     Whether Defendant violated Labor Code sections 201, 202, and 203 by willfully failing to pay all wages and compensation due each Class member who resigned or who was discharged;

d.     Whether Defendant violated Labor Code section 226 by willfully failing to provide accurate itemized wage statements showing the number of hours worked by each Class member and the corresponding hourly rate;

e.     Whether Defendant violated section 1174 of the Labor Code by failing to maintain accurate records of hours worked and wages paid to Class members;

f.     Whether Defendant failed and/or refused to provide each Class member rest periods, or one hour's wages in lieu thereof, to which they were entitled pursuant to the Labor Code and IWC Wage Order No. 4;

g.     Whether Defendant was unjustly enriched by the overtime work and services performed by Class members without overtime compensation;

h.     Whether Defendant engaged in unfair business practices in

violation of Business and Professions Code section 17200 *et seq.*;

i.    Whether Defendant should be required to pay compensatory damages, attorneys' fees, penalties, costs, and interest for violating California state law; and

j.    Whether Defendant should be enjoined from continuing its wrongful conduct.

82.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all Class members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it virtually impossible for Class members to individually redress the wrongs done to them. There will be no difficulty in managing this action as a class action.

83.    Defendant has acted on grounds generally applicable to the entire Class with respect to the matters complained of herein, thereby making appropriate the relief sought herein with respect to the Class as a whole.

## COUNT I
## VIOLATION OF FLSA, 29 U.S.C. § 201, *et seq.*
## FAILURE TO PAY OVERTIME

84.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

85.    At all times relevant to this action, Defendant was engaged in interstate commerce, or in the production of goods for commerce, as defined by the FLSA.

86.    At all times relevant to this action, Plaintiff was an "employee" of Defendant within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

87.    Plaintiff and the FLSA Collective members, by virtue of their job duties, activities actually performed, and/or pay structures, are all non-exempt employees.

88.    Plaintiff either: (1) engaged in commerce; (2) engaged in the production of goods for commerce; or (3) was employed in an enterprise engaged in commerce or in the production of goods for commerce.

89.    At all times relevant to this action, Defendant "suffered or permitted" Plaintiff and all similarly situated current and former employees to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

90.    At all times relevant to this action, Defendant required Plaintiff and the FLSA Collective members to work beyond 40 hours during numerous separate workweeks but failed to pay these employees the federally mandated overtime compensation for this work.

91.    The overtime work performed by Plaintiff and the FLSA Collective members was an essential part of their jobs, and these activities and the time associated with them are not *de minimis*.

92.    In workweeks where Plaintiff and other FLSA Collective members worked 40 hours or more, the overtime hours worked should have been paid at the federally mandated rate of 1.5 times each employee's regularly hourly wage. 29 U.S.C. § 207.

93.    Defendant's violations of the FLSA were knowing and willful. Defendant knew or could have determined how long it took its LPTs to perform their work and could have easily accounted for and properly compensated Plaintiff and the FLSA Collective for these work activities, but did not.

94.    The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, each employee is entitled to his or her unpaid wages (including unpaid overtime), plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

## COUNT II
## VIOLATION OF CALIFORNIA LABOR CODE §§ 510, 1194, 1198 AND IWC WAGE ORDER 4 - FAILURE TO PAY OVERTIME

95.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

96.    At all relevant times, Defendant regularly and consistently maintained corporate policies and procedures designed to reduce labor costs by reducing or minimizing the amount of compensation paid to its employees, specifically,

overtime compensation.

97.    At all relevant times, Plaintiff and the Class regularly performed non-exempt work and were thus subject to the overtime requirements of California law.

98.    Labor Code §§ 510 and 1198 and IWC Wage Order No. 4, subd. 3(A) provide that: (a) employees are entitled to compensation at the rate of one and one-half times their regular rate of pay for all hours worked in excess of eight hours in a workday up to 12 hours in a workday, in excess of 40 hours in a workweek, and for the first eight hours of work on the seventh consecutive day of a workweek; and (b) employees are entitled to compensation at the rate of twice their regular rate of pay for all hours worked in excess of 12 hours in a workday, and in excess of eight hours on the seventh consecutive day of work in a workweek.

99.    At all relevant times, Plaintiff and the Class regularly worked in excess of eight hours in a workday and 40 hours in a workweek.

100.    At all relevant times, Defendant failed and refused to pay overtime premiums to Plaintiff and the Class members for all hours worked in excess of eight hours in a workday and 40 hours in a workweek. Instead, Defendant paid Plaintiff and the Class members their regular rates of pay for all hours worked, including overtime.

101.    Defendant intentionally, maliciously, fraudulently and with the intent to deprive Plaintiff and the Class of their ability to earn a living so as to reduce their labor costs, knowingly and willfully implemented a scheme or artifice to avoid paying Plaintiff and other Class members overtime wages for all overtime hours worked.

102.    Plaintiff and the Class were entitled to receive overtime compensation at their lawful premium rates of pay for each overtime hour that they worked. Defendant's failure to pay lawful premium overtime wages, as alleged above, was a willful violation of Labor Code §§ 510, 1198, and IWC Wage Order No. 4.

103.    Wherefore, Plaintiff demands payment of the unpaid balance of the

full amount of wages due for unpaid time worked, as well as overtime premiums owing, including interest thereon, penalties, reasonable attorneys' fees, and costs of suit pursuant to Labor Code §§ 1194 and 1194.2 as a result of Defendant's failure to pay overtime premiums for all overtime hours worked, as is required under California law.

**COUNT III**
**VIOLATION OF CALIFORNIA LABOR CODE §§ 221 AND 223**
**UNLAWFUL DEDUCTIONS**

104.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

105.    At all relevant times, Defendant regularly and consistently maintained corporate policies and procedures designed to reduce labor costs by reducing or minimizing the amount of compensation paid to its employees, specifically, overtime compensation.

106.    Defendant made deductions from Plaintiff's and the Class members' paychecks in the amount of the unpaid overtime compensation earned by the employees during the pay period to avoid paying overtime wages.

107.    Labor Code § 221 provides it is unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by employer to employee.

108.    Labor Code § 223 provides that where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract. Labor Code § 225 further provides that the violation of any provision of Labor Code §§ 221 and 223 is a misdemeanor.

109.    Due to their conduct alleged above, Defendant has unlawfully collected or received from Plaintiff and the Class part of the wages paid to its employees.

110.    Wherefore, Plaintiff demands the return of all wages unlawfully deducted from her paychecks, including interest thereon, penalties, reasonable

attorneys' fees, and costs of suit pursuant to Labor Code §§ 225.5 and 1194.

## COUNT IV
## VIOLATION OF CALIFORNIA LABOR CODE §§ 226 AND 1174
## FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

111.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

112.    Labor Code §§ 226 and 1174 provide that every employer shall, semi-monthly or at the time of payment of wages, furnish each employee, either as a detachable part of the check or separately, an accurate, itemized statement in writing showing the total hours worked, and the applicable hourly rates and corresponding total number of hours worked.

113.    At all relevant times, Defendant failed to maintain proper records and furnish Plaintiff and the Class members, either semi-monthly or at the time of each payment of wages, an accurate, itemized statement conforming to the requirements of Labor Code §§ 226 and 1174.

114.    At all relevant times, Defendant failed to furnish Plaintiff and Class members with accurate wage statements in writing, showing: (1) gross wages earned; (2) total hours worked by each respective employee; (3) all deductions; (4) net wages earned; (5) the inclusive dates of the period for which the employee is paid; (6) the name of the employee and only the last four digits of his or her social security number or an employee identification number; (7) the name and address of the legal entity that is the employer; and (8) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate.

115.    Plaintiff is informed and believes that Defendant knew or should have known that Plaintiff and the Class members were entitled to receive wage statements compliant with Labor Code §§ 226 and 1174, and that Defendant willfully and intentionally failed to provide Plaintiff and the Class members with such accurate, itemized statements showing, for example, accurate hours and overtime calculations.

116.   Wherefore, Plaintiff demands that Defendant pay each Class member $50.00 for the initial pay period in which the violation occurred and $100 for each subsequent violation, up to a maximum of $4,000.00 pursuant to Labor Code § 226, as well as reasonable attorneys' fees and costs.

### COUNT V
### VIOLATION OF CALIFORNIA LABOR CODE §§ 201, 202, AND 203
### FAILURE TO TIMELY PAY WAGES UPON DISCHARGE

117.   Plaintiff re-alleges and incorporates all previous paragraphs herein.

118.   Labor Code §§ 201 and 202 require employers to pay their employees all wages due within the time specified by law. Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of 30 days of wages.

119.   The Class members who ceased employment with Defendant are entitled to unpaid compensation, but to date have not received such compensation.

120.   More than 30 days have passed since certain Class members left Defendant's employ.

121.   As a consequence of Defendant's willful conduct in not paying overtime compensation for all overtime hours worked, the Class members whose employment ended during the class period are entitled to 30 days' wages under Labor Code § 203, together with interest thereon and attorneys' fees and costs.

### COUNT VI
### VIOLATION OF CALIFORNIA LABOR CODE § 226.7 AND IWC WAGE
### ORDER 4 - FAILURE TO PROVIDE REST PERIODS

122.   Plaintiff re-alleges and incorporates all previous paragraphs herein.

123.   IWC Wage Order No. 4, subd. 12 (A-B) establishes the following requirements for rest periods: "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or

major fraction thereof. … Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages. … If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

124.   Labor Code § 226.7(b-c) provides that: "An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission…. If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission …, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided."

125.   At all relevant times, Plaintiff and the Class members consistently worked in excess of four hours in a day.

126.   Plaintiff and other Class members were regularly not allowed to take proper rest periods, nor were they properly compensated for the same.

127.   As a result of Defendant's knowing, willful, and intentional failure to provide rest breaks, Plaintiff and the Class members are entitled to recover one additional hour of pay at the employee's regular rate of pay for each work day that a rest period was not provided, pursuant to Labor Code § 226.7 and IWC Wage Order No. 4, subd. 12 (B), and penalties, reasonable attorneys' fees, and costs pursuant to Labor Code § 218.5.

128.   Defendant's wrongful and illegal conduct in failing to provide Plaintiff and the Class members with rest breaks or to provide premium compensation, unless and until enjoined by order of this Court, will continue to

cause great and irreparable injury to Plaintiff and the Class members in that Defendant will continue to violate these laws unless specifically ordered to comply with the same. The expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are already entitled. Plaintiff and the Class members have no other adequate remedy at law to insure future compliance with the laws alleged herein to have been violated.

129.   Wherefore, Plaintiff demands, pursuant to Labor Code Section 226.7(c), that Defendant pays each Class member one additional hour of pay at the Class member's regular rate of compensation for each work day that a rest period was not provided as required.

## COUNT VII
## VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200, *et seq.* UNFAIR, UNLAWFUL AND/OR FRAUDULENT BUSINESS PRACTICES

130.   Plaintiff re-alleges and incorporates all previous paragraphs herein.

131.   Defendant engaged and continues to engage in unfair business practices in California by practicing, employing and utilizing the unlawful practices described above, including but not limited to: (a) making deductions to employees' paychecks to recover overtime premiums earned by the employees; (b) requiring employees to work overtime without lawful premium compensation; and (c) failing to provide accurate, itemized wage statements.

132.   In addition, the conduct alleged in each of the previously stated causes of action constitutes an unlawful and unfair business practice within the meaning of Business & Professions Code § 17200, *et seq.*

133.   Because of Defendants' conduct, Plaintiff and the Class have been harmed as described in the allegations set forth above.

134.   The actions described above constitute false, unfair, fraudulent, and deceptive business practices within the meaning of California Business &

Professions Code § 17200, *et seq.* By and through such unfair, unlawful and/or fraudulent business practices, Defendant obtained valuable property, money and services from Plaintiff and the Class, and has deprived Plaintiff and the Class of fundamental rights and privileges guaranteed to all employees under California law.

135.  Defendant was unjustly enriched by the policies and practices described herein, and those policies and practices conferred an unfair business advantage on Defendant over other businesses providing similar services that routinely comply with the requirements of California law.

136.  Plaintiff seeks, on her own behalf, and on behalf of the putative Class members, full restitution of all monies withheld, acquired and/or converted by Defendant by means of the unfair practices complained of herein, as necessary and according to proof, and/or disgorgement of all profits acquired by Defendant by means of the acts and practices described herein.

137.  Plaintiff seeks, on her own behalf, and on behalf of the Class members, an injunction to prohibit Defendant from continuing to engage in the unfair business practices complained of herein. Defendant's unlawful conduct, as described above, unless and until enjoined and restrained by order of this Court, will cause great and irreparable injury to Plaintiff and all Class members in that Defendant will continue to violate these California laws unless specifically ordered to comply with the same. This expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are entitled under California law. Plaintiff has no other adequate remedy at law to insure future compliance with the California labor laws and wage orders alleged to have been violated herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on her own behalf and on behalf of the putative Class members, requests judgment as follows:

a.    Certifying this case as an FLSA Collective Action in accordance with

29 U.S.C. § 216(b) with respect to the FLSA claim set forth above;

b.    Designating Plaintiff as Class Representative of the proposed FLSA Collective;

c.    Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all similarly situated Collective members, and permitting Plaintiff to send notice of this action to all those Collective members, including the publishing of notice in a manner that is reasonably calculated to apprise the potential Collective members of their rights under the FLSA;

d.    Certifying the proposed Rule 23 Class;

e.    Designating Plaintiff as Class Representative of the proposed Rule 23 Class;

f.    Ordering service awards for the Class Representatives in recognition of the time, effort, and risk they incurred in bringing this action and as compensation for the value they have provided to the Class members;

g.    Appointing Sommers Schwartz, P.C. and David Yeremian & Associates, Inc. as Class Counsel;

h.    Issuing a declaratory judgment that the practices complained of herein are unlawful under the FLSA, Labor Code, and California Business & Professions Code § 17200, *et seq.*;

i.    Declaring that Defendant willfully violated the FLSA and its attendant regulations as set forth above;

j.    Granting judgment in favor of Plaintiff and against Defendant and awarding the amount of unpaid overtime wages calculated at the rate of one and one-half (1.5) of Plaintiff's regular rate multiplied by all overtime hours that Plaintiff worked in excess of eight hours per day and/or 40 hours per week for the past four years;

k.    Awarding liquidated damages in an amount equal to the amount of unpaid overtime wages found due and owing;

l.    For statutory and civil penalties pursuant to Labor Code §§ 201, 202, 203, 221, 223, 226, 226.7, 510, 1174, 1194 and 1198;

m.    For restitution to Plaintiff and other similarly affected Class members of all funds unlawfully acquired by Defendant by means of any acts or practices declared by this Court to violate the mandate established by California Business and Professions Code § 17200 *et seq.*;

n.    For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendant and determined to have been wrongfully acquired by Defendant as a result of violations of California Business and Professions Code § 17200, *et seq.*;

o.    For an injunction prohibiting Defendant from engaging in the unfair business practices complained of herein;

p.    For an injunction requiring Defendant to give notice to persons to whom restitution is owing of the means by which to file for restitution;

q.    For actual damages or statutory penalties according to proof as set forth in Labor Code §§ 226, 1174, and IWC Wage Order No. 4, subd. 7(A) related to wage statements and record keeping;

r.    For an order requiring Defendant to show cause, if any there be, why they should not be enjoined and ordered to comply with the applicable California IWC wage orders related to record-keeping for Defendant's employees related to the same; and for an order enjoining and restraining Defendant and its agents, servants and employees related thereto;

s.    For pre-judgment interest as allowed by Labor Code §§ 218.6 and 1194, California Civil Code § 3287 and other statutes;

t.    For reasonable attorneys' fees, expenses, and costs as provided by 29 U.S.C. § 216(b), Labor Code §§ 218.5, 226(e) and (h) and 1194; and California Code of Civil Procedure § 1021.5; and

u.    For such other and further relief the Court may deem just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury for all of the claims asserted in this Complaint so triable.

Dated: December 20, 2018          By: _/s/ David Yeremian_____

**DAVID YEREMIAN & ASSOCIATES, INC.**
David Yeremian (Cal. Bar No. 226337)
535 N. Brand Blvd., Suite 705
Glendale, California 91203
Telephone: (818) 230-8380
Facsimile: (818) 230-0308
Email: david@yeremianlaw.com

**SOMMERS SCHWARTZ, P.C.**
Kevin J. Stoops (*pro hac vice* forthcoming)
Rod M. Johnston (*pro hac vice* forthcoming).
One Towne Square, Suite 1700
Southfield, Michigan 48076
Telephone: (248) 355-0300
Facsimile: (248) 436-8453
Email: kstoops@sommerspc.com
Email: rjohnston@sommerspc.com

*Attorneys for Plaintiff and Proposed Class and Collective Members*